IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MISTY BECKISH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 22-0486-WS-M |
| | ) |
| RARE HOSPITALITY | ) |
| INTERNATIONAL, INC., etc., | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the plaintiff's motion to deem late responses admitted and motion for summary judgment. (Doc. 28). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 29, 36, 37), and the plaintiff's motions are ripe for resolution. After careful consideration, the Court concludes the motions are due to be denied.

## BACKGROUND

According to the amended complaint, (Doc. 1-1 at 12-15), the plaintiff was a business invitee at the defendant's restaurant when a piece of metal wire from her food became embedded in her throat/esophagus as she was eating. The complaint asserts claims of negligence, negligence *per se*, and wantonness.

The plaintiff served discovery requests, including requests for admission, on March 1, 2023.[1] (Doc. 11). When responses were not received by the March 31 deadline imposed by Rule 36(a)(3), plaintiff's counsel resent the requests the first week of April, and defense counsel stated he would submit responses in two weeks. (Doc. 36-3 at 2). On May 3, plaintiff's counsel again requested discovery responses, and defense counsel

---

[1] Unless expressly noted otherwise, all dates are 2023.

stated he would work on providing them within the week. (Doc. 36-5 at 3). On June 5, plaintiff's counsel advised he would need to file a motion to compel if responses were not filed. (Doc. 36-6 at 3). On June 6, plaintiff's counsel advised that, failing receipt of discovery responses within the next ten days, a motion to compel would follow. (*Id*. at 9). No responses being served, the plaintiff filed a motion to compel on July 3. (Doc. 19). The Magistrate Judge ordered the defendant to respond to the motion no later than July 10. (Doc. 20). On that date, the defendant served its discovery responses, including its response to the plaintiff's requests for admissions. (Doc. 22).

The plaintiff argues that her requests for admission are deemed admitted by operation of Rule 36(a)(3), and she moves for an order confirming that they are deemed admitted. The plaintiff's motion for summary judgment depends entirely on such admissions. The defendant asks the Court to permit it to withdraw the deemed admissions and to supplement its responses with those served on July 10.

## DISCUSSION

"A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection …." Fed. R. Civ. P. 36(a)(3).

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

*Id*. Rule 36(b). Pursuant to this rule, "district courts should apply a 'two-part test' in deciding whether to grant or deny a motion to withdraw or amend admissions." *Perez v. Miami-Dade County*, 297 F.3d 1255, 1264 (11th Cir. 2002). "First, the court should consider whether the withdrawal will subserve the presentation of the merits, and second,

it must determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case." *Id.*[2]

The first part of the Rule 36(b) test "is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case," as when they "essentially admi[t] the necessary elements" of the plaintiff's claim. *Perez*, 297 F.3d at 1266 (internal quotes omitted). The defendant's deemed admissions extend to every element of her claims: that a wire bristle was in or on the food the defendant served the plaintiff as a business invitee; that the wire came from a brush the defendant used to clean cooking surfaces; that the defendant knew bristles can come out of such brushes and injure patrons; that other customers of the defendant had complained of such bristles being in their food; that the defendant has been sued by others over their ingestion of wire bristles in their food; that the defendant failed to follow its own safety rules at and before the time of the subject incident; that the defendant failed to properly train, monitor, and supervise its staff to ensure there were no wire bristles in the food it served; that the defendant failed to comply with governing statutes, regulations, and other governing law concerning food safety; and that the plaintiff incurred medical bills and experienced pain and suffering as a result of the incident. For good measure, the deemed admissions include a concession that the plaintiff was not contributorily negligent. (Doc. 28-1).

As for the second prong, the only relevant prejudice is that which "relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions." *Perez*, 297 F.3d at 1266 (internal quotes omitted). The mere "inconvenience in having to gather evidence … does not rise to a level of prejudice that justifies a denial of the withdrawal motion." *Id*. at 1268 (internal quotes omitted). Because the plaintiff "had been warned all along that he would have to prove the most essential elements of his … claims[,] we cannot say that he would have

---

[2] The language of Rule 36(b) has been modified since Perez was decided, but "[t]hese changes are intended to be stylistic only." Rule 36 advisory committee notes, 2007 amendment. **[form?]**

3

suffered prejudice had the court allowed the defendants to withdraw the admissions." *Id*. at 1268.

In *Perez*, the defendants in their answer denied the allegations of the complaint, signaling they "would contest [the plaintiff's] core allegations." 287 F.3d at 1267. Here, the defendant in its answer (filed only four weeks after service of process, (Doc. 1 at 5)) "denie[d] each and every material allegation" of the complaint and asserted defenses including contributory negligence. (Doc. 2 at 1-2). In *Perez*, the defendants at the Rule 16(b) scheduling conference reiterated their disagreement with key allegations of the complaint. 287 F.3d at 1267. Here, in the Rule 26(f) report preceding the Rule 16(b) scheduling conference, the defendant reiterated that it "denies the allegations of the Amended Complaint," noted its affirmative defenses, and challenged the plaintiff's entitlement to compensatory or punitive damages. (Doc. 7 at 3). As in *Perez*, "[b]ecause [the plaintiff] knew from the very beginning – and continued to be made aware – that he would have to prove many of the elements of his case now deemed admitted, he would … suffe[r] no prejudice" by a withdrawal of the deemed admissions. 297 F.3d at 1268.

The plaintiff agrees that *Perez* sets forth the governing standard. (Doc. 29 at 4). She argues, however, that Rule 36(b) is not properly before the Court because it requires a motion and the defendant has filed none. (Doc 37 at 2-3). The defendant did not file a document styled as a motion, but it "respectfully request[ed] this Court permit it to withdraw the purportedly deemed admissions and supplement its responses with those already known by Plaintiff and that were provided to Plaintiff on July 10, 2023." (Doc. 36 at 19). The Court therefore construes the defendant's brief as including a motion to withdraw deemed admissions.

The plaintiff gently expresses her exasperation at the conduct of defense counsel in repeatedly affirming that discovery responses were forthcoming while repeatedly providing none. (Doc. 37 at 1-2). The Court marvels at both the defendant's prolonged history of unfulfilled representations and the plaintiff's forbearance in not sooner seeking judicial assistance in obtaining basic discovery responses. On the present motion, however, "[t]he court's focus must be on the effect upon the litigation and prejudice to

4

the resisting party rather than on the moving party's excuses for an erroneous admission." *Perez*, 297 F.3d at 1265 (internal quotes omitted).[3]

The plaintiff says she would be prejudiced by granting the defendant relief under Rule 36(b), on the grounds that, because the defendant has stalled discovery – by delaying responses to written discovery requests, by providing virtually no documents in those responses, by refusing to provide in those responses any information regarding other restaurants of the defendant, and by refusing to provide deposition dates – she is now "forced to rely on the legally binding admissions, because the information could not be obtained in any other manner." (Doc. 37 at 1-2).

The Rule 16(b) scheduling order, entered in January, established a discovery deadline of September 1. (Doc. 9 at 1). The defendant served responses to all of the plaintiff's propounded written discovery – interrogatories, requests for production, and requests for admission – on July 10. If the plaintiff deemed those responses inadequate, or the defendant uncooperative in scheduling depositions, or the remaining seven weeks of discovery too short, she had the option to file a motion to compel and/or a motion to extend the discovery deadline. She did neither. The plaintiff's failure to employ the discovery tools available to her does not entitle her to rely on deemed admissions that she concedes she never intended to rely upon until her inaction left her with no other useful discovery. Any prejudice to the plaintiff arises from her own litigation choices, not from justifiable reliance during the discovery period on deemed admissions.

For the reasons set forth above, the defendant's motion to withdraw its deemed admissions is **granted**, the plaintiff's motion to deem late responses admitted is **denied**, and the plaintiff's motion for summary judgment is **denied**.

DONE and ORDERED this 2nd day of November, 2023.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[3] The Court agrees with the plaintiff that counsel's asserted focus on other cases, (Doc. 36 at 2-3), is not a compelling excuse for neglecting his discovery duties in this case.