IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MISTY BECKISH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 22-0486-WS-M |
| | ) |
| RARE HOSPITALITY | ) |
| INTERNATIONAL, INC., etc., | ) |
| | ) |
|     Defendant. | ) |

## ORDER

This matter is before the Court on the defendant's motion for summary judgment. (Doc. 33). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 33, 35, 38), and the motion is ripe for resolution. After careful consideration, the Court concludes the motion is due to be denied.

## BACKGROUND

According to the amended complaint, (Doc. 1-1 at 12-15), the plaintiff was a business invitee at the defendant's restaurant when a piece of metal wire from her food became embedded in her throat/esophagus as she was eating. The complaint asserts claims of negligence, negligence *per se*, and wantonness.

## DISCUSSION

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). The moving party may meet its burden in either of two ways: (1) by

"negating an element of the non-moving party's claim"; or (2) by "point[ing] to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden." *Id.* "Even after *Celotex* it is never enough simply to state that the non-moving party cannot meet its burden at trial." *Id.*; *accord Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000); *Sammons v. Taylor*, 967 F.2d 1533, 1538 (11th Cir. 1992).

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993); *accord Mullins*, 228 F.3d at 1313; *Clark*, 929 F.2d at 608.

"If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick*, 2 F.3d at 1116. "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003). "Therefore, the [non-movant's] version of the facts (to the extent supported by the record) controls, though that version can be supplemented by additional material cited by the [movants] and not in tension with the [non-movant's] version." *Rachel v. City of Mobile*, 112 F. Supp. 3d 1263, 1274 (S.D. Ala. 2015), *aff'd*, 633 Fed. Appx. 784 (11th Cir. 2016).

"There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution*

*Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995); *accord Gennusa v. Canova*, 748 F.3d 1103, 1116 (11th Cir. 2014).  The Court accordingly limits its review to those arguments the parties have expressly advanced.

### A.  Negligence.

The defendant argues that the plaintiff cannot prove that the defendant breached any duty it owed her.  (Doc. 33-1 at 4).  Elaborating, the defendant asserts that the plaintiff relies exclusively on impermissible speculation for the propositions that the metal wire came from the food she consumed at the defendant's restaurant and that the wire came, before that, from the wire brush used on the grill on which her meal was prepared.  (*Id*. at 5-6).  The Court cannot agree.

The defendant admits that it used wire grill brushes at the time of the subject incident.  (Doc. 35-6 at 3).  The defendant further admits that these brushes can deteriorate over time.  (*Id*.).  The plaintiff testified that, other than her meal at the subject restaurant, she had eaten nothing off a grill that day or the day before.  (Doc. 35-2 at 12).  On the day of the incident, she ordered baby back ribs and a sweet potato.  (*Id*. at 4).  She ate part of her meal unremarkably, but at some point she swallowed a piece of meat and immediately felt a sharp pain in her throat.  (*Id*. at 2, 3, 4).  It became very hard to swallow, and later it became hard to breathe.  (*Id*. at 2, 3).  The same day, she presented at Thomas Hospital, reporting acute onset of substernal and epigastric pain that was presently worsening and that was not present prior to eating.  (Doc. 35-5 at 2).  An endoscopy was performed the next day, and what the performing physician described as a "[g]rill brush bristle," over an inch long, was found in the esophagus and successfully removed.  (*Id*. at 4-6).

The defendant complains that the plaintiff cannot state "with certainty" that the piece of wire lodged in her esophagus came from a wire brush.  (Doc. 33-1 at 5).  Neither the plaintiff nor the jury need be "certain" of the wire's provenance.  The standard at trial is a preponderance of the evidence, which requires not certainty but only that "the evidence must make a given fact or conclusion more likely true than not true."  *Davis v.*

*City of Apopka*, 78 F.4th 1326, 1334 (11th Cir. 2023).  The standard for granting a motion for summary judgment is that, considering the evidence and the reasonable inferences therefrom in the light most favorable to the plaintiff, a reasonable jury could not conclude that the plaintiff ingested a wire bristle that came from the defendant's grill brush. *Ossmann v. Meredith Corp*., 82 F.4th 1007, 1012 (11th Cit, 2023); *McCormick*, 333 F.3d at 1243.   Based on the evidence described in the preceding paragraph, a properly functioning jury obviously could reach such a conclusion, and there would be nothing remotely speculative about it.

### B.  Wantonness.

The defendant argues there is no evidence that the wire came from its restaurant, that the defendant knew or had notice that the wire was present in the plaintiff's food, or that the defendant has received other complaints about grill brush wires ingested by patrons.  (Doc. 33-1 at 9).  The discussion in Part A refutes the defendant's first contention.  The defendant's own argument acknowledges that a defendant is presumed to have notice of the hazard when the defendant created the hazard, (*id*. at 8), and the evidence addressed in Part A would allow a properly functioning jury to find that the defendant created the instant hazard.  It may be that the plaintiff has no evidence of other similar incidents, but the defendant has not attempted to show that some "one-free-bite" rule insulates it from liability for wanton behavior the first time it occurs.

The defendant concedes that it knew that grill brushes deteriorate with time and use but suggests it could not have acted wantonly because it replaces its grill brushes monthly.  (Doc. 33-1 at 9; Doc. 33-4 at 9).  The plaintiff responds that, regardless of periodic replacement, the grill brush instructions produced by the defendant reflect that the defendant should have inspected every wire brush before each use and replaced any brush upon the first sign of damage or bristle loss.  Further, the instructions call on the defendant to inspect the grilling surface before each use to ensure it is free of imperfections that could trap bristles, resulting in them being dislodged from the brush.  Finally, the instructions direct the defendant to inspect all surfaces and grates after each

use to ensure no bristles are present.  (Doc. 35 at 7; Doc. 35-7).  The defendant has neither offered evidence demonstrating it faithfully performed all these steps nor pointed to any part of the record demonstrating that the plaintiff is incapable of presenting evidence at trial that the defendant did not routinely follow these instructions.  Nor has the defendant argued that a failure to follow the instructions could not support a finding of wantonness.  The defendant therefore has failed to carry its initial burden on motion for summary judgment.[1]

## CONCLUSION

For the reasons set forth above, the defendant's motion for summary judgment is **denied**.

DONE and ORDERED this 2nd day of November, 2023.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] The defendant argues that, because the plaintiff cannot prove her wantonness claim, it is "axiomatic" that she cannot recover punitive damages.  (Doc. 33-1 at 10-11).  Because the defendant has not shown its entitlement to summary judgment as to the wantonness claim, its derivative argument regarding punitive damages also fails.