IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MISTY BECKISH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 22-0486-WS-M |
| | ) |
| **RARE HOSPITALITY** | ) |
| **INTERNATIONAL, INC., etc.,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

In January 2023, the parties jointly requested a discovery deadline of September 1.[1]  (Doc. 7 at 4).  The Magistrate Judge in his Rule 16(b) scheduling order adopted this deadline.  (Doc. 9 at 1).  The plaintiff served requests for admission, interrogatories, and requests for production on March 1.  (Doc. 11).  The plaintiff filed a motion to compel responses on July 3.  (Doc. 19).  The defendant served responses on July 10, (Doc. 22), and the Magistrate Judge thereupon denied the motion to compel as moot.  (Doc. 24).  His order advised that, "[i]f there are additional responses due for the discovery requests, they are to be provided not later than July 17, 2023."  (*Id.*).

The plaintiff did not move to compel supplemental discovery responses.  On September 5, the parties unsuccessfully mediated.  (Doc. 26).  On September 8, the plaintiff moved for summary judgment, on the grounds that her requests for admission were deemed admitted by the defendant's failure to timely deny them.  (Doc. 28).  The plaintiff in her reply brief complained that the defendant's discovery responses, which included virtually no documents and which included refusals to answer any questions or provide any information about complaints at other restaurants, "forced [her] to rely on the legally binding admissions, because the information could not be obtained in any other

---

[1] Except as otherwise noted, all dates are 2023.

manner." (Doc. 37 at 2). In denying the plaintiff's motion, the Court rejected this argument as follows:

> The defendant served responses to all of the plaintiff's propounded written discovery – interrogatories, requests for production, and requests for admission – on July 10. If the plaintiff deemed those responses inadequate, or the defendant uncooperative in scheduling depositions, or the remaining seven weeks of discovery too short, she had the option to file a motion to compel and/or a motion to extend the discovery deadline. She did neither. The plaintiff's failure to employ the discovery tools available to her does not entitle her to rely on deemed admissions that she concedes she never intended to rely upon until her inaction left her with no other useful discovery. Any prejudice to the plaintiff arises from her own litigation choices, not from justifiable reliance during the discovery period on deemed admissions.

(Doc. 41 at 5).

On November 30, the plaintiff filed a motion to compel and reopen discovery. (Doc. 43). The plaintiff therein, for the first time in this litigation, seeks to challenge the adequacy of the defendant's July 10 discovery responses, particularly the production of documents and the provision of information about other restaurants. (Doc. 44). The plaintiff again asserts that she has been "unable to obtain [this discovery] in other manners." (Doc. 43 at 2).

The Rule 16(b) scheduling order expressly provides that all motions to compel must be filed on or before September 1. (Doc. 9 at 1-2). This deadline, and the corresponding deadline for concluding discovery, "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule could not be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (internal quotes omitted). "If a party was not diligent, the good cause inquiry should end." *MidAmerica C2L Inc. v. Siemens Energy Inc.*, 25 F.4th 1312, 1335 (11th Cir. 2022) (internal quotes omitted). The ultimate burden of establishing good cause rests on the movant. *Longmire v. City of Mobile*, 2017 WL 63022 at *1 (S.D. Ala. 2017).

The plaintiff has not acknowledged or applied the "good cause" standard, but she is bound by it nonetheless. It is exceedingly clear that the plaintiff, in the exercise of

diligence, could have moved to compel supplemental discovery responses, and/or to extend the discovery deadline, at any time between July 10 and September 1. That the defendant had not produced documents, and had not fully answered various interrogatories, was fully known to the plaintiff as of July 10, and from that point on she had at her disposal the full array of options for addressing these deficiencies. The plaintiff's statement that she was "unable to obtain" this discovery by other means is thus incorrect. As the Court has previously ruled, the difficulty in which the plaintiff finds herself "arises from her own litigation choices," not from forces beyond her control in the exercise of diligence.

For the reasons set forth above, the plaintiff's motion to compel and reopen discovery is **denied**.

DONE and ORDERED this 4th day of December, 2023.

s/ WILLIAM H. STEELE<br>UNITED STATES DISTRICT JUDGE